

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JANE DOE

VERSUS

FORMER THIBODAUX POLICE OFFICER
COREY MORRIS, FORMER THIBODAUX
POLICE CHIEF CRAIG MELANCON,
THIBODAUX MAYOR TOMMY ESCHETTE,
THE CITY OF THIBODAUX
and THE THIBODAUX POLICE DEPARTMENT

CIVIL ACTION
NO.: **11-1532**

JUDGE: **SECT. R MAG. 5**

MAGISTRATE:

## COMPLAINT

The Complaint of **JANE DOE**, a natural person of the full age of majority, and a

citizen and resident of the country of France, respectfully avers:

### THE PARTIES

I.

Defendant, **THE CITY OF THIBODAUX**, is a municipality and political

entity/subdivision within the State of Louisiana, and at all relevant times, was the employer

of Defendants, **FORMER THIBODAUX POLICE CHIEF CRAIG MELANCON,**

___Fee $350.00
___Process_____
_x_Dktd _____
___CtRmDep_____
___Doc. No._____

Exhibit 2

FORMER THIBODAUX POLICE OFFICER COREY MORRIS, and THIBODAUX MAYOR TOMMY ESCHETTE.

II.

Defendant, **THIBODAUX POLICE DEPARTMENT**, is a municipal corporation and a department within the City of Thibodaux and, at all relevant times, was the employer of Defendants, **FORMER THIBODAUX POLICE CHIEF CRAIG MELANCON, THIBODAUX MAYOR TOMMY ESCHETTE** and **FORMER THIBODAUX POLICE OFFICER COREY MORRIS**.

III.

Defendant, **FORMER THIBODAUX POLICE CHIEF CRAIG MELANCON**, at all relevant times was the duly appointed chief of police of the Thibodaux Police Department and, as such, was the commanding officer of Defendant, **FORMER THIBODAUX POLICE OFFICER COREY MORRIS**, and was responsible for his training, supervision and conduct. He was also responsible by law for creating, setting, implementing and enforcing the appropriate regulations, policies, customs and procedures of the Thibodaux Police Department and for ensuring that the Thibodaux Police Department personnel obey the laws of the State of Louisiana and of the United States. At all relevant times, he was acting in such capacity as the agent, servant and employee of the Defendants,

**THE CITY OF THIBODAUX and THE THIBODAUX POLICE DEPARTMENT.**
He is sued in his official capacity.

IV.

At all relevant times, Defendant, **CITY OF THIBODAUX MAYOR TOMMY ESCHETTE**, was Mayor of the City of Thibodaux and, as such, was director and supervisor of all departments thereof, including the Thibodaux Police Department, and was ultimately responsible for the oversight, direction, training, supervision and conduct of Defendants, Former Thibodaux Police Chief Craig Melancon and Former Thibodaux Police Officer Corey Morris. He was also ultimately responsible for creating, setting, implementing and enforcing the appropriate regulations, plicies, practices, customs and procedures of the City of Thibodaux and the Thibodaux Police Department. He is sued in his official capacity.

V.

At all relevant times, Defendant, **FORMER THIBODAUX POLICE OFFICER COREY MORRIS** was a police officer employed by **THE CITY OF THIBODAUX AND THE THIBODAUX POLICE DEPARTMENT** to perform duties in the **THE CITY OF THIBODAUX** for the **THIBODAUX POLICE DEPARTMENT**. At all relevant times, he was acting in such capacity as the agent, servant and employee of **THE CITY OF THIBODAUX and THE THIBODAUX POLICE DEPARTMENT.** He is sued individually and in his official capacity.

VI.

At all relevant times, and in all their actions described herein, all Defendants were

acting under color of law and pursuant to their authority as police personnel.

**JURISDICTION**

VII.

This action is brought pursuant to 28 U.S.C. § 1332, Diversity of Citizenship, as

Plaintiff is a citizen of France, and Defendants are all citizens of the State of Louisiana, and

the amount in controversy exceeds $75,000 exclusive of interest and costs.

VIII.

This action is further brought pursuant to 42 U.S.C. § 1983 and 1988, as well as the

Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States.

IX.

The jurisdiction of this Court is further predicated on Federal Question jurisdiction

under 28 U.S.C. § 1331.

X.

Finally, certain claims herein fall under federal supplemental jurisdiction under 28

U.S.C. § 1367.

## FACTUAL ALLEGATIONS

### XI.

On or about August 27, 2010, Complainant, then a 22-year-old single college student, was intoxicated from consuming alcohol, when Defendant, then 35-year-old married **THIBODAUX POLICE OFFICER COREY MORRIS ("MORRIS")**, agreed to drive her, alone and unsupervised, in a marked police car, from a live music entertainment tavern in the City of Thibodaux, to her apartment due to her intoxication.

### XII.

At all relevant times, **MORRIS** was employed by, on duty, in full uniform, with badge, gun and radio, and in a marked police car, and in the course and scope of his employment with **THE CITY OF THIBODAUX and THE THIBODAUX POLICE DEPARTMENT**, performing duties for the **THIBODAUX POLICE DEPARTMENT**.

### XIII.

As **MORRIS** drove Complainant, who was nauseated and lying down in the backseat of his marked police car, toward her apartment, she stated that she was going to be sick. Since Complainant was unable to open the rear police car door from the inside to vomit, **MORRIS** stopped the car, exited, opened the rear door, and after Complainant vomited, continued toward her apartment.

XIV.

Upon arrival to Complainant's apartment, Complainant entered her apartment and climbed into her bed.

XV.

**MORRIS** left his marked police car running outside of the apartment with the headlights on, entered Complainant's apartment, and without Complainant's consent, performed various sexual acts upon her, including sexual intercourse, which acts, under the circumstances, are shocking to the contemporary conscience.

XVI.

At all relevant times, Defendants, **THE THIBODAUX POLICE DEPARTMENT** and **THE CITY OF THIBODAUX**, had a longstanding practice and custom of allowing male officers like **MORRIS** to escort intoxicated females to their apartments or homes, alone and unsupervised.

XVII.

At approximately 12:40 a.m. on Friday, August 27, 2010, **MORRIS** notified Thibodaux Police Department dispatch that he was driving a female student to her apartment. Approximately eight minutes after his initial dispatch, **MORRIS** told the dispatcher that he was "10-8," a radio code indicating he had completed his task and was available for duty. However, 27 minutes thereafter, a Nicholls University Police Officer spotted Morris's marked Thibodaux Police unit outside of Complainant's apartment.

XVIII.

At all relevant times, it was an institutionalized custom and practice of Defendants,

the **THIBODAUX POLICE DEPARTMENT** and **THE CITY OF THIBODAUX**,

created, implemented and known or ratified by Defendants, **FORMER THIBODAUX**

**POLICE CHIEF CRAIG MELANCON and THIBODAUX MAYOR TOMMY**

**ESCHETTE**, to routinely and commonly allow male police officers on duty to drive young,

intoxicated females to their homes or apartments, alone and without any supervision, and

at no time did any of said Defendants take any effective action to prevent police personnel

from continuing to engage in such conduct, with deliberate indifference, actual and

constructive knowledge that their actions or failure to act were substantially certain to result

in a constitutional violation, but consciously or deliberately disregarded that risk.

XIX.

Defendants, **THE CITY OF THIBODAUX, THE THIBODAUX POLICE**

**DEPARTMENT, FORMER THIBODAUX POLICE CHIEF CRAIG MELANCON,**

and **THIBODAUX MAYOR TOMMY ESCHETTE** tolerated the above-described

institutional custom and practice and ratified it by:

    a.    Expressly or impliedly permitting and/or failing to discipline, restrict, control,

           train or instruct employees, including **MORRIS**, to refrain from driving

           intoxicated females to their apartments or homes or from having sexual

intercourse with them while on duty and despite actual or constructive knowledge that they were doing so.

b.   Failing to take adequate precautions in the hiring, promotion, training and retention of police personnel, including **MORRIS**.

c.   Failing to establish and/or assure the functioning of a bona fide and meaningful department system for dealing with complaints of police misconduct.

## CAUSES OF ACTION

### XX.

The above-described actions and omissions, conducted under color of state authority by Defendants, **FORMER THIBODAUX POLICE OFFICER COREY MORRIS, THE CITY OF THIBODAUX, THE THIBODAUX POLICE DEPARTMENT, FORMER THIBODAUX POLICE CHIEF CRAIG MELANCON**, and **THIBODAUX MAYOR TOMMY ESCHETTE**, deprived Complainant of rights secured to her by the Constitution of the United States, including but not limited to, her Fourth Amendment right to be free from unlawful seizure of her person, her Fifth and Fourteenth Amendment due process rights to bodily integrity and freedom from physical abuse and bodily intrusions by state actors, including the right to be free from unjustified and excessive force utilized by police, and her Eighth Amendment right to be free from cruel and unusual punishment.

XXI.

The acts and omissions alleged herein against **FORMER THIBODAUX POLICE OFFICER COREY MORRIS, THE CITY OF THIBODAUX, THE THIBODAUX POLICE DEPARTMENT, FORMER THIBODAUX POLICE CHIEF CRAIG MELANCON,** and **THIBODAUX MAYOR TOMMY ESCHETTE** constitute gross negligence, reckless and callous disregard and indifference to the rights and safety of Complainant, entitling Complainant to punitive or exemplary damages.

## SUPPLEMENTARY CAUSES OF ACTION

XXII.

The above-referenced acts and conduct constitute assault and/or battery and/or gross negligence on the part of Defendant **MORRIS** and gross negligence and reckless and callous disregard for and indifference to the rights and the safety of young female persons on the part of Defendants, **MORRIS, MELANCON, ESCHETTE, THE CITY OF THIBODAUX and THE THIBODAUX POLICE DEPARTMENT** under the laws of the State of Louisiana, and **MORRIS, MELANCON and ESCHETTE** were acting at all relevant times within the course and scope of their employment for the **CITY OF THIBODAUX and THE THIBODAUX POLICE DEPARTMENT**, rendering both vicariously liable for their actions.

## DAMAGES

### XXIII.

As a result of the above-referenced acts and conduct, Complainant has suffered and will suffer into the future extreme grief, humiliation, embarrassment, shock, horror, mental anguish, psychological and physical harm, loss of enjoyment of life, disruption of and damage to her ability to maintain physical, emotional and intimate relationships, fear, and lack of trust toward other human beings and authority figures, and the need for past and future professional counseling regarding same, in the amount of six million dollars ($6,000,000).

### XXIV.

Complainant is further entitled to punitive damages in the amount of six million dollars ($6,000,000), as well as attorney's fees pursuant to 48 U.S.C. § 1988.

### XXV.

Complainant, **JANE DOE**, respectfully requests trial by jury on all issues.

**WHEREFORE**, Complainant, **JANE DOE**, demands the following relief, jointly, severally and *in solido*, against Defendants, **THIBODAUX POLICE OFFICER COREY MORRIS, THIBODAUX POLICE CHIEF CRAIG MELANCON, THIBODAUX MAYOR TOMMY ESCHETTE, THE THIBODAUX POLICE DEPARTMENT and THE CITY OF THIBODAUX**, for the following damages:

a.     Compensatory damages in the amount of six million dollars ($6,000,000);

b.      Punitive damages in the amount of six million dollars ($6,000,000);

c.      Attorney's fees pursuant to  48 U.S.C. § 1988;

d.      Trial by jury; and

e.      Such other and further relief as this Court may deem appropriate under the

circumstances.


                                        Respectfully Submitted,


                                        _____
                                        J. PRICE McNAMARA  (20291)
                                        9431 Common Street
                                        Baton Rouge, LA 70809
                                        Telephone: 225-201-8311
                                        Facsimile: 225-201-8313
                                        Counsel for Complainant