UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JANE DOE | CIVIL ACTION |
| VERSUS | NO: 11-1532 |
| FORMER THIBODAUX POLICE OFFICER COREY MORRIS, ET AL. | SECTION R(5) |

**ORDER & REASONS**

Defendant Corey Morris moves to stay this action pending resolution of criminal proceedings against him in state court regarding the same subject matter.[1] Because the Court finds that special circumstances justify a stay, the Court GRANTS the motion.

**I.   BACKGROUND**

Plaintiff alleges that defendant Morris, a former police officer employed by the City of Thibodaux and the Thibodaux Police Department, drove plaintiff from a bar to her apartment because plaintiff was intoxicated.[2] Plaintiff further alleges that upon arriving at her apartment, Morris entered her apartment and performed various sexual acts upon her, including sexual intercourse, without her consent. Plaintiff contends that defendants had a policy of allowing male officers to escort

---

[1]   R. Doc. 27.

[2]   R. Doc. 1.

intoxicated female students to their homes unsupervised.  Doe filed suit against the defendants on June 29, 2011.

Morris now moves to stay the civil proceeding pending resolution of his criminal prosecution in this matter.  Doe opposes the motion.[3]

## II.  DISCUSSION

A district court's inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for the litigants" includes the power to stay proceedings.  *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).  The power of the district court to stay proceedings includes "the authority to stay a civil proceeding pending the resolution of a criminal proceeding when the interests of justice so require."  *Dominguez v. Hartford Financial Servs. Group, Inc.*, 530 F. Supp. 2d 902, 905 (S.D. Tex. 2008)(citing *United States v. Little Al*, 712 F.2d 133, 135 (5th Cir. 1983)).  "Such a stay contemplates special circumstances and the need to avoid substantial and irreparable prejudice."  *Little Al*, 712 F.2d at 136 (internal quotations omitted).  In considering whether to stay the civil proceeding, courts consider "(1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the

---

[3]   R. Doc. 30.

criminal case, including whether the defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by the delay; (4) the private interests of and burden on the defendant; (5) the interests of the courts; and (6) the public interest." *Alcala v. Texas Webb Cty.*, 625 F. Supp. 2d 391, 399 (S.D. Tex. 2009)(collecting district court cases in the Fifth Circuit that apply this test).

### A. Extent to Which Issues in the Civil and Criminal Cases Overlap

"[T]he similarity of issues in the underlying civil and criminal actions is considered the most important threshold issue in determining whether to grant a stay." *Dominguez*, 530 F. Supp. 2d at 906-07. Here, the plaintiff in the civil case is the complainant in the criminal case and the "criminal prosecution against Mr. Morris is based on the exact factual allegations that form the basis of plaintiff's civil suit."[4] The significant overlap of issues in both actions counsels in favor of a stay. *See Collins v. Bauer*, No. 3:11-CV-887-B, 2011 WL 3874910, at *3 (N.D. Tex. Aug. 31, 2011)(court stayed 1983 action alleging assault pending resolution of the criminal matter).

---

    4    R. Doc. 27-1 at 2.

**B.   Status of Criminal Proceedings**

Morris has been indicted in the criminal matter.[5] Because Morris has already been indicted, staying the civil action is appropriate because it is more likely that a defendant could make incriminating statements after the indictment has issued. *Librado v. M.S. Carriers, Inc.*, No. 3:02-CV-2095D, 2002 WL 31495988, at *2 (N.D. Tex. Nov. 5, 2002); *Collins*, 2011 WL 3874910, at *3. Further, staying the civil action and its attendant discovery prevents the risk that Morris would expose his criminal defense strategy in the civil discovery process. *See St. Martin v. Jones*, No. 08-1047, 2008 WL 4534398, at *2 (E.D. La. Oct. 2, 2008). This factor counsels in favor of granting a stay.

**C.   Plaintiff's Interest**

"Normally, 'in evaluating the plaintiff's burden resulting from the stay, courts may insist that the plaintiff establish more prejudice than simply a delay in his right to expeditiously pursue his claim.'" *Whitney Nat'l Bank v. Air Ambulance By B&C Flight Mgmt., Inc.*, No. H-04-2220, 2007 WL 1468417, at *3 (S.D. Tex. May 18, 2007)(citing *In re Adelphia Commc'ns Sec. Litig.*, No. 02-1781, 2003 WL 22358819, at *4 (E.D. Pa. May 13, 2003)).

---

[5]   R. Doc. 27-1 at 1.

Here, although plaintiff opposes the motion, the only prejudice she asserts is the delay in pursuing her claim.[6] The criminal trial is currently set for March 26, 2012.[7] Plaintiff contends, however, that the trial may not go forward as scheduled and that any stay would by implication be an indefinite one.[8] The Court finds that this open-ended request weighs against granting a stay.

### D. Defendant's Burden

"If the defendant would be burdened by civil discovery on the same issues as a pending criminal case, this factor weighs in favor of a stay." *Whitney Nat'l Bank*, 2007 WL 1468417, at *3. As the Court has noted, the underlying conduct in the civil action and the criminal action is identical.  Absent a stay, Morris would be forced to choose between his civil discovery obligations and his Fifth Amendment privilege against self-incrimination.  *See Agueros v. Vargas*, No. SA-07-CV-0904, 2008 WL 2937972, at *2 (W.D. Tex. July 21, 2008); *St. Martin*, 2008 WL 4534398, at *2.  This factor weighs in favor of granting a stay.

---

[6]     R. Doc. 30 at 1.

[7]     R. Doc. 27-1 at 1; R. Doc. 30 at 1.

[8]     R. Doc. 34.

### E.     The Court's Interest and Public Interest

The Court has interests in judicial economy and expediency. *Alcala*, 625 F. Supp. 2d at 407.  "A court has an obligation to move its docket, and not let cases languish before it."  *Id.* (quoting *In re Scrap Metal Antitrust Litig.*, No. 1:02-CV-0844, 2002 WL 31988168, at *7 (N.D. Ohio Nov. 7, 2002)).  In addition, the "public has an interest in the resolution of disputes with minimal delay, but only to the extent that the integrity of the defendant's rights can be maintained."  *Id.* (quoting *St. Martin*, 2008 WL 4534398, at *3).  Here, the Court issued its scheduling order on January 19, 2012, so parties have only recently begun discovery.[9]  Further, although the public has an interest in resolution of civil rights cases, granting a stay delays resolution of the matter only temporarily.  *Agueros*, 2007 WL 2937972, at *2.  The Court finds that the court's interest and the public interest counsel in favor of granting a stay.  *Cf. Whitney Nat'l Bank*, 2007 WL 1468417, at *3 (court's interest and public interest factors weighed against granting a stay when parties had completed discovery and were prepared for trial).

---

[9]     R. Doc. 31.

## III. CONCLUSION

For the foregoing reasons, the Court finds that Morris has met his burden of demonstrating that a stay in this matter is warranted. Accordingly, the Court GRANTS Morris's motion to stay. The case is hereby administratively closed pending the outcome of Morris's criminal trial in state court, reserving the right of any party to re-open the matter once the criminal proceeding has concluded.

New Orleans, Louisiana, this __2nd__ day of February, 2012.

*Sarah Vance*

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE